Filed 5/20/24  P. v. Staton CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| THE PEOPLE, | |
|---|---|
| Plaintiff and Respondent, | C098441 |
| v. | (Super. Ct. Nos. 19CF04969, 19CF04989, 20CF03299, 21CF03684) |
| MICHAEL JAMES STATON, JR., | |
| Defendant and Appellant. | |

Defendant Michael James Staton, Jr., pleaded guilty to various crimes in different trial court cases, and the trial court placed him on probation.  When defendant subsequently pleaded no contest to assault by means of force likely to produce great bodily injury, the trial court found him in violation of probation and sentenced him to an aggregate six years in prison, a sentence that included an upper term.  This court reversed defendant's sentence in light of changes in the law and remanded the matter for a resentencing hearing.  (*People v. Staton* (Sept. 16, 2022; C095497) [nonpub. opn.] (*Staton*).)  The trial court imposed the same six-year sentence and defendant again appealed.

1

Appointed counsel for defendant asked this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  Finding no arguable error that would result in a disposition more favorable to defendant, we will affirm the judgment.

I

Defendant pleaded guilty to possession of metal knuckles (Pen. Code, § 21810)[1] and misdemeanor possession of methamphetamine (Health & Saf. Code, § 11377) in one case, and in another he pleaded guilty to carrying a dirk or dagger (§ 21310).  The trial court placed him on probation for five years in both cases.  The cases were transferred to Butte County in 2019.  The case involving the metal knuckles offense was renumbered Butte County Superior Court case No. 19CF04989 (case No. 989), and the case involving the dirk or dagger offense was renumbered Butte County Superior Court case No. 19CF04969 (case No. 969).  (*Staton, supra*, C095497.)

"In January 2020, defendant admitted violating his probation in both cases (case Nos. 969 and 989) and both grants of probation were modified and reinstated.  Later that same year, in Butte County Superior Court case No. 20CF03299 (case No. 299), defendant pleaded no contest to possessing a shuriken.  (§ 22410.)  In case No. 299, the trial court granted a three-year term of probation; the court modified and reinstated probation in case Nos. 989 and 969." (*Staton, supra*, C095497.)

Thereafter, in December 2021, defendant pleaded no contest in case No. 21CF03684 (case No. 684) to assault by means of force likely to produce great bodily injury.  (§ 245, subd. (a)(4).)  (*Staton, supra*, C095497.)  "As a result of defendant's plea, the trial court found he had violated probation in case Nos. 299, 969, and 989.  Prior to sentencing, the assault victim, who had been in a four-year relationship

---

[1]  Undesignated statutory references are to the Penal Code.

2

with defendant in the past, submitted a letter to the court, indicating that defendant required 'mental health treatment' and 'possibly medications.' She added that defendant had 'a lot of issues in life' including a 'very abusive' father and other 'bad relationships.' Defendant's trial counsel argued that the victim 'believe[d] there's a mental health component that's also attached to [defendant's] reactions.' " (*Staton, supra*, C095497.)

The trial court sentenced defendant to an aggregate prison term of six years. This court reversed defendant's sentence and remanded for a resentencing hearing consistent with the changes brought about by Senate Bill No. 567 (2021-2022 Reg. Sess.) (Stats. 2021, ch. 731) and any other applicable changes in the law. (*Staton, supra*, C095497.)

On remand, the trial court directed the probation department to prepare a supplemental report addressing defendant's mental health and invited the parties to consider the issue. The People agreed to file a certified copy of defendant's record of conviction for use at resentencing.

The probation department's supplemental probation report indicated that although defendant had been ordered in three cases to participate in mental health services, there was no evidence mental illness contributed to the relevant offenses. Defendant said he had been diagnosed with bipolar disorder, obsessive-compulsive disorder, and post-traumatic stress disorder (PTSD), but none of the diagnoses had been confirmed. Defendant's prison records reflected he was housed in the general population with no noted mental health concerns. Defendant was found ineligible for mental health diversion in case No. 684. He was not interviewed for the supplemental report because he had not been returned from prison to the county jail. Probation recommended the same six-year sentence because there was no section 1170, subdivision (b)(6) evidence and the factors in aggravation justified an upper term sentence.

At the resentencing hearing, the trial court considered various materials, including the supplemental probation report and defendant's certified record of conviction. It announced its intent to impose an upper term sentence and invited argument. The People

3

submitted on probation's recommendation. Defendant disagreed and testified regarding his childhood trauma and mental health. The trial court continued the hearing to allow defendant's attorney to file a mental health diversion assessment supporting his assertions of mental illness. The Department of Behavioral Health Diversion Court referral report had diagnosed defendant with unspecified bipolar disorder and PTSD, but found that the referring offense was not a result of defendant's mental health condition.

At the continued resentencing hearing, the trial court found there was no evidence the section 1170, subdivision (b)(6) factors contributed to the offenses, and even if they had, the imposition of the low term would be contrary to the interests of justice. The trial court further found that under section 1170, subdivision (b)(3), defendant's prior crimes were numerous, he had served prior prison terms, he was on probation at the time of the offense, and his performance on probation was unsatisfactory. Weighing those factors against the factors of defendant's mental illness and childhood trauma, the trial court determined an upper term sentence was appropriate. Accordingly, the trial court resentenced defendant to an aggregate prison term of six years, reimposed fines and assessments, and awarded presentence credit.

## II

Appointed counsel filed an opening brief setting forth the facts of the case and asking this court to review the record and determine whether there are any arguable issues on appeal. (*Wende, supra*, 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing the opening brief. More than 30 days elapsed and we received no communication from defendant.

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

## DISPOSITION

The judgment is affirmed.

                                          /S/
                                    MAURO, J.


We concur:



      /S/
HULL, Acting P. J.



      /S/
WISEMAN, J.*

* Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.